FORT LEE, ETC., REALTY CORPORATION, PROSECUTOR, v. HARRINGTON COMPANY, RESPONDENT.

*Argued January 21, 1926—Decided May 13, 1926.*

1. *Quære.* Has the prosecutor a standing to attack the proceedings?
2. The "Tax Sale Revison act" (*Pamph. L.* 1918, *p.* 883, § 59) is a remedial statute, and it is to be liberally construed.
3. The court will not set aside proceedings to bar the right of redemption of a tax sale upon a doubtful construction of a statute in reference to advertisement.
4. The failure to note on the margin of the original record of a certificate of a tax sale in the book of mortgages by the clerk, a reference to the place where the certificate of sale and affidavits have been re-recorded as a deed, cannot be charged against the defendant under *Pamph. L.* 1918, *p.* 896, § 48.

---

On *certiorari.*

Before Justices PARKER, MINTURN and BLACK.

For the prosecutor, *Wright, Vander Burgh & McCarthy.*

For the respondent, *Harry B. Brockhurst* and *Adolph L. Engelke.*

The opinion of the court was delivered by

BLACK, J. There are two cases of the same title, Nos. 224 and 225. Both cases involve the same questions. Two writs of *certiorari* were allowed, as two sets of proceedings are to be reviewed. There is but one paper book and one set of briefs.

The writ of *certiorari* in No. 224 is to review proceedings affecting lots Nos. 27 to 30 in block No. 2 on the Mc-Michael map at Fort Lee, Bergen county. The writ of *certiorari* in No. 225 is to review similar proceedings affecting lots Nos. 56 to 73 on the same map.

The writs of *certiorari* bring up proceedings made in pursuance of the "Tax Sale Revision act" of 1918, page 883, to bar the right of redemption of the owners and mortgagees of the lands so described.

The prosecutor writes down three reasons in each case, which are identical, for setting aside the proceedings.

1. Because the alleged notice to redeem given to Clarence V. Kellogg was not given, served and published in the manner required by law.

2. Because the "Bergen Daily News" was not a newspaper in which ordinances of the borough of Fort Lee were published.

3. Because the record recorded as aforesaid fails to show that the notice to redeem was served upon Clarence V. Kellogg in the manner required by law.

Two additional reasons were filed in each case, the substance of which is, the prosecutor is a *bona fide* purchaser for a valuable consideration without notice of the deed or instrument in the nature of a conveyance, by virtue of which the prosecutor, Harrington Company, claims title to the premises.

The defendant, the Harrington Company, purchased the lands at a tax sale on December 22d, 1919. The title of the lands stood in the name of the Bergen County Realty Company as owner. The certificates of sale then made were recorded on March 23d, 1920, in book of mortgages, and thereafter, on October 27th, 1923, the notice, affidavits and certificate of tax sale were re-recorded in the book of deeds of Bergen county. *Pamph. L.* 1918, *p.* 896, § 48. The lands were sold for the unpaid taxes of 1918. The proceedings were held under the "Tax Sale Revision act" of 1918, page 883. It seems to be conceded, as no question is raised, that the tax sale was regular and the lien acquired by the Harrington Company valid by virtue of the tax sales certificates. The questions argued relate only to the validity of the subsequent proceedings, which were had for the purpose of barring the right of redemption.

We are met at the outset with a declaration in the statute that the "act shall be deemed and taken to be a remedial act, and be liberally construed to effectuate the remedial objects thereof." *Pamph. L.* 1918, *p.* 899, § 59; *Moore Securities Co.* v. *Hammell Co.,* 97 *N. J. Eq.* 292.

We find in these proceedings on *certiorari* no substantial reason for setting them aside, even if there is anything before us to set aside.

The land was assessed for the taxes in 1918 in the name of the Bergen County Realty Company as owner. The property by deed came to the Alcalde Realty Company on December 17th, 1920. The notice to redeem was dated February 17th, 1921, and was served February 24th, 1921. No point is made as to the service of this notice upon the Alcalde Realty Company; then it came into the possession of the Palisades Estate, Incorporated, on December 24th, 1921. On June 3d, 1920, the property was mortgaged to Clarence V. Kellogg for $5,000. On May 20th, 1925, he was paid in full and the mortgage canceled of record. He has no standing to attack the service of a "notice to redeem" upon him, his interest in the property as "mortgagee" having been paid in full. If he can be considered an "owner" he takes through

the Alcalde Realty Company and its assigns.   He is bound by the "notice to redeem" served upon the Alcalde Realty Company.   So, Kellogg is barred and cannot assert any right to redeem, as he has no interest.   So, the prosecutor derives his right from Kellogg, who has no right, or through the Alcalde Realty Company on whom the notice to redeem was regular, in either event so, it is argued, the prosecutor would seem to have no standing or right to redeem.   But let that be as it may, the proceedings as set out in the return to the writs of *certiorari* seem to be in all things regular under the statute.   It shows—

1. The certificate of sale, dated December 22d, 1919, by the collector.

2. Proceedings to bar the right of redemption, dated December 22d, 1919.

3. Notice to redeem addressed to the Alcalde Realty Corporation, Clarence V. Kellogg, dated February 17th, 1921, affidavit of service.

4. Affidavit of non-redemption, dated August 22d, 1923. The proceedings as a deed were not recorded until October 27th, 1923, but there is no statutory time limit.   *Pamph. L.* 1919, *p.* 896, § 48.

It seems hardly necessary to follow in detail the points and argument made on behalf of the prosecutor, but to refer briefly to the points stressed.   The notice to redeem, which is the crux of the case, seems to have beeen served in compliance with the statute (*Pamph. L.* 1918, *p.* 895, § 46), personally on the persons interested who reside in the municipality, "and on others it may be served personally, or by mailing to their post-office address," "or by posting on the premises sold," which was done; "if not served personally, published once in a newspaper in which ordinances of the municipality may be published."   Notice was sent by registered mail to Clarence V. Kellogg, the mortgagee, No. 910 Glengyle avenue, Chicago, Illinois, on February 24th, 1921. There was no attempt to show in the evidence that he did not receive it.   Even so, the court, upon *certiorari,* would not set aside the proceedings upon a doubtful construction of

a statute in reference to advertisement. *McCarty* v. *Boulevard Commissioners,* 91 *N. J. L.* 137; *affirmed,* 92 *Id.* 519. This disposes of the first three reasons.

It is next argued that the statute (*Pamph. L.* 1918, *p.* 896, § 48) provides, "said county clerk or register shall also note in the margin of the original record of said certificate in the books of mortgages a reference to the place where said certificate and affidavits have been re-recorded as a deed." The testimony taken under the rule allowed shows that the clerk failed to make any notation on the margin of the original record of the certificate of the tax sale in the book of mortgages, which should show a reference to the place where the certificate of sale had been re-recorded as a deed. This omission of duty by the clerk cannot be charged to the defendant. The other points argued are without legal merit. The proceedings are affirmed and the writs dismissed in each case, with costs.